# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 9, 2010

No. 09-20216
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

DANIEL HERNANDEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-546-1

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Daniel Hernandez appeals his 114-month sentence, imposed following his conviction for being an alien found unlawfully in the United States after previously having been removed. *See* 8 U.S.C. § 1326(a). He contends: the district court failed to provide sufficient reasons supporting the within-guidelines sentence in the light of his request for a downward departure for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

cultural assimilation; and, his sentence was substantively unreasonable because it was greater than necessary to meet the goals of 18 U.S.C. § 3553(a).

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guideline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 50–51 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

As noted, pursuant to *Gall*, we engage in a bifurcated review of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). First, we consider whether the district court committed a "significant procedural error". *Id.* at 752–53. If, as in this case, there is no such error, we then review the substantive reasonableness of the sentence imposed, as noted above, for an abuse of discretion. *Id.* at 751–53. "[A] sentence within a properly calculated Guideline range is presumptively reasonable". *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In district court, Hernandez did not object to the reasons provided for denying a downward departure; therefore, our review is only for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Reversible plain error exists where a clear or obvious error affects defendant's substantial rights. *E.g.*, *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 962 (2009); *see also Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Even then, we retain discretion whether to correct such an error and, generally, will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Baker*, 538 F.3d at 332.

Even "brief" reasons for imposing a sentence, such as the district court provided, are legally sufficient. *See Rita v. United States*, 551 U.S. 338, 358 (2007). Moreover, nothing in the record indicates that Hernandez' sentence would have been different had the court provided greater explanation of its selected sentence. *See Mondragon-Santiago*, 564 F.3d at 364–65. Therefore, Hernandez fails to show the district court's explanation of its reasons for supporting his sentence constitutes plain error.

Regarding his substantive-unreasonableness claim, Hernandez fails to overcome the presumption that a "discretionary sentence imposed within a properly calculated guidelines range" is reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008). Whether reviewed for abuse of discretion or plain error, the district court's consideration of the advisory guidelines range, the § 3553(a) factors, the information in the presentence report, and the parties' contentions, along with its finding that the guidelines range adequately reflected the relevant sentencing factors, shows Hernandez' sentence was not substantively unreasonable.

AFFIRMED.